# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO. 1:10-CR-16-TLS |
| | ) | |
| PRIMITIVO AVILES FLORES | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion by the Defendant under 28 U.S.C. § 2255 to vacate his conviction and sentence [ECF No. 77]. The Government opposes the Motion on the ground that the Defendant's Plea Agreement [ECF No. 30] includes a waiver of the right to bring this action. For the reasons that follow, the Court concludes that the Defendant's Motion is barred by the waiver provision of the Plea Agreement.

## BACKGROUND

**A.  Indictment and Plea Agreement**

On March 24, 2010, the Defendant was indicted on drug charges. [ECF No. 11]. Count 1 alleged that on or about February 11, 2010, the Defendant knowingly and intentionally distributed five or more grams, but less than 50 grams, of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Count 2 alleged that on or about March 4, 2010, the Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In Count 3, the Defendant was charged with knowingly and intentionally possessed, with intent to distribute, 50 grams or more of methamphetamine on or about March 16, 2010, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The Defendant entered a Plea Agreement [ECF No. 30] with the Government, in which

the Defendant agreed to plead guilty to Count 3 of the Indictment, and the Government agreed to dismiss Counts 1 and 2. The Magistrate Judge conducted a change of plea hearing in compliance with Rule 11 of the Federal Rules of Criminal Procedure. In consideration of that hearing and the statements made by the Defendant under oath and in the presence of counsel, the Magistrate Judge found as follows:

> (1) that the Defendant understood the nature of charge against him to which the plea was offered;
> (2) that the Defendant understood his right to trial by jury, to persist in his plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his right against compelled self-incrimination;
> (3) that the Defendant understood what the maximum possible sentence is, including the effect of the supervised release term, and defendant understands that the Sentencing Guidelines apply and that the Court may depart from those guidelines under some circumstances;
> (4) that the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;
> (5) that [the] Defendant is competent to plead guilty;
> (6) that the Defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;
> (7) that there is a factual basis for the defendant's plea.

(Findings and Recommendation of Magistrate Judge Upon Plea of Guilty 1–2, ECF No. 36.) The Magistrate Judge recommended that the Court accept the Defendant's plea of guilty to Count 3 of the Indictment. On November 23, 2010, the Court issued an Order [ECF No. 39] accepting the findings and recommendation of the Magistrate Judge, and adjudging the Defendant guilty as to Count 3 of the Indictment.

The Plea Agreement specified that the Defendant faced a sentence of no less than ten years (120 months) imprisonment and no more than life, and a supervised release term of at least five years, in addition to forfeiture of specified items and a special assessment of $100. (Plea

Agreement ¶ 8.b.) The Defendant also expressly agreed to waive all appeals and collateral actions challenging his conviction or sentence, including actions under 28 U.S.C. § 2255. (*Id.* at ¶ 8.e.) Also included in this waiver provision was an express waiver of all claims of ineffective assistance of counsel, unless the alleged ineffective assistance related to the waiver provision or its negotiation.

> Paragraph 8.d of the Plea Agreement reads as follows:
>
> In the event that I qualify and satisfy the criteria as set forth in 18 U.S.C. § 3553(f)(1-5) and U.S.S.G. § 5C1.2, the United States will not oppose my receipt of a two-level reduction under U.S.S.G. §2D1.1(b)(11), subject to the limitation of U.S.S.G. §5C1.2(b). However, I understand that the Court must find that I have met the criteria in 18 U.S.C. § 3553(f) and the sentencing guidelines. I understand that there is no agreement that I will qualify and satisfy the criteria of these provisions and that the United States and I may present evidence or information to the Court regarding my eligibility.

(Plea Agreement ¶ 8.d.)

**B.     Sentencing**

For sentencing purposes, the Government argued that the Defendant was a leader or organizer of the drug conspiracy, and as a result did not qualify for the safety valve reduction. In addition, his role merited a two-level increase in his offense level under the United States Sentencing Guidelines. The Government also argued that the Defendant obstructed justice by attempting to get his co-defendant to take the blame for the drugs. The Defendant, through counsel, made several objections to the Revised Presentence Investigation Report [ECF No. 56], and filed a brief [ECF No. 42] opposing the Government's position on the safety valve reduction, the leader/organizer enhancement, and the obstruction enhancement.

The Court found that the Defendant was a leader or organizer of the drug conspiracy, and

that he was therefore both ineligible for the safety valve reduction and also subject to a two level enhancement. (Opinion and Order 6–8, ECF No. 55.) The Court sustained the Defendant's objection to the proposed two-level enhancement for obstruction, because that proposed enhancement relied on the uncorroborated word of a co-defendant, which the Court found to be insufficiently reliable. (*Id.* at 9–11.) The Court specifically noted that to the extent it relied on any statements of the co-defendant in upholding the leader/organizer enhancement, those statements were corroborated. (*Id.* at 10–11, n. 3.) The Government argued for an offense level of 35 and a Guideline range of 168 to 210 months of imprisonment, plus five years of supervised release. On August 18, 2011, the Court sentenced the Defendant to 135 months imprisonment and five years of supervised release. Counts 1 and 2 were dismissed, in accordance with the Plea Agreement.

C.  **The Defendant's Habeas Motion**

The Defendant argues that his counsel was ineffective because he failed to call an unidentified witness at the evidentiary hearing, whose testimony the Defendant claims would have undermined the Government's contention that the Defendant was a leader or organizer of the drug conspiracy. Notably, the Defendant does not allege that he did not understand the Plea Agreement, or that he did not voluntarily accept the Plea Agreement, or that counsel was ineffective in negotiating any of the Plea Agreement provisions, including the waiver provision. He does not argue that his sentence was inconsistent with the terms of his Plea Agreement, or that it exceeded the maximum sentence for the offense to which he pled guilty. He claims only that counsel was ineffective with respect to his sentencing when he did not call a witness to

4

testify about his role in the conspiracy.

**D.       Supplement Brief**

In connection with his habeas motion, the Defendant filed a proposed Supplemental Brief, wherein he raises another claim of ineffective assistance of counsel. The Defendant argues that counsel was ineffective for failing to seek a sentencing reduction to account for the sentencing disparity created by early disposition or "fast-track" programs for illegal reentry cases.

The Government objects to the Defendant's Supplemental Brief as untimely, and also argues that this claim, like the Defendant's other claim of ineffective assistance, does not fall into any of the recognized exceptions to a valid waiver of the right to attack his conviction or sentence under 28 U.S.C. § 2255. Moreover, there is no merit to the Defendant's claim, as he would not have been eligible for a fast track program in any judicial district, as he was not charged with an illegal reentry offense, and did not enter an early guilty plea.

**ANALYSIS**

**A.       Plea Agreement Waiver**

The Government argues that the Court should deny the Defendant's Motion on the ground that the Defendant waived his right to all collateral attacks against his conviction and sentence as part of the Plea Agreement that he voluntarily entered with the Government.

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d

634, 636 (7th Cir. 2005). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999)). The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller*, 657 F.3d at 681 (quoting *Jones*, 167 F.3d at 1144–45); *see also Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012). Thus, the Defendant cannot pursue relief in the present § 2255 motion unless his waiver, or his assent to the plea agreement as a whole, was unintelligent or involuntary because of ineffective assistance of counsel or otherwise. *Hurlow v. United States*, 726 F.3d 958, 964–65 (7th Cir. 2013); *see also United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled (for example, because involuntary)." (citations omitted)).

If a defendant accepts a plea agreement that includes a waiver provision, any ineffective assistance claim asserted in a subsequent motion under 28 U.S.C. § 2255 is barred by the waiver provision unless it falls into one of the recognized exceptions. *Keller*, 657 F.3d at 681; *see also, e.g., Bridgeman*, 229 F.3d at 593 (stating that ineffective assistance of counsel claims that relate

6

to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (finding that because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver)).

Here, the Defendant's waiver of his right to appeal and his right to mount a collateral attack of his conviction and sentence, "including but not limited to, a proceeding under Title 28, United States Code, Section 2255" (Plea Agreement ¶ 8.e), are express and unambiguous. They cite the same provision of the United States Code the Defendant is attempting to use to challenge his sentence. The Defendant does not allege that the Court relied on impermissible factors, such as his race, in selecting his sentence, or that he was sentenced in excess of the statutory maximum for the offense to which he pled guilty.

B.     The Defendant's Ineffective Assistance Argument–Failure to Call a Witness

The Defendant's ineffective assistance claim does not involve the negotiation of the Plea Agreement or the waiver provision. Instead, the Defendant alleges that trial counsel's performance at sentencing was deficient because counsel failed to call an unidentified witness whose testimony would have contradicted unspecified statements made by a co-defendant relating to the Defendant's role in the drug conspiracy. Thus, his claim does not fall into any of the exceptions that would allow him to escape the effect of a valid waiver of his right to attack his conviction or sentence under 28 U.S.C. § 2255. Additionally, the Defendant's claim would fare no better if the Court considered it on the merits.

7

The Court has already considered whether there was sufficient reliable evidence to justify a conclusion that the Defendant was a leader or organizer of the drug conspiracy, and the Court found that there was indeed sufficient reliable evidence. In reaching this conclusion, the Court expressly refrained from relying on any uncorroborated statements of the co-defendant. (Opinion and Order 10–11 n. 3, ECF No. 55.) Although there is no dispute that counsel did not call the unidentified witness to whom the Defendant refers in his Motion, counsel did dispute the Government's contention that the Defendant played a leadership role in the drug conspiracy. And while the Government's argument for the leader/organizer enhancement rested in part on the statements of the co-defendant, it also relied on the Defendant's actions (as observed by surveillance officers), recordings of phone conversations, the Defendant's possession of three cell phones when arrested, cell phone location data, the negotiation by the Defendant of a discounted price for the methamphetamine, and sales of methamphetamine by the Defendant to a confidential human source. The Defendant does not identify the witness who he claims would have altered the Court's conclusion regarding the Defendant's role in the drug conspiracy. He does not specify what this witness would have said, or why this witness's testimony would have been considered sufficiently reliable to alter the Court's conclusion. Accordingly, he has not shown that any specific act or omission of his counsel with respect to sentencing "fell below an objective standard of reasonableness" and was "outside the wide range of professionally competent assistance." *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)); *see also Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003); *Anderson v. Sternes*, 243 F.3d 1049, 1057 (7th Cir. 2001). Neither has he shown that he was prejudiced by his counsel's performance, which requires showing by

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004).

C.  **Defendant's Request to Allow Supplemental Brief**

The Court agrees with the Government that this claim is both untimely and barred by the waiver provision of the Plea Agreement. In addition, the Defendant fails to assert facts or cite relevant legal authority to suggest that he was eligible for fast-track sentencing in any district where it was available at the time of his sentencing. *See United States v. Ramirez*, 675 F.3d 634, 636 (7th Cir. 2011) ("We hold that a district court need not address a fast-track argument unless the defendant has shown that he is similarly situated to persons who actually would receive a benefit in a fast-track district."). For example, his prosecution was not for illegal reentry, 8 U.S.C. § 1326, and he waited six months to enter a guilty plea. For these reasons, this claim is denied.

**CONCLUSION**

Because the Defendant's ineffective assistance claims are barred by the waiver provision in the Plea Agreement, to which the Defendant knowingly and voluntarily assented, the Defendant's Motion [ECF No. 77] and Request to Allow Supplemental Brief [ECF No.82] are DENIED.

SO ORDERED on August 31, 2015.

                                   s/ Theresa L. Springmann
                                   THERESA L. SPRINGMANN
                                   UNITED STATES DISTRICT COURT